# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9373 | **DATE** | 8/2/2002 |
| **CASE TITLE** | Sharla Roberts vs. County of Cook et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, defendants' motion to dismiss certain counts of plaintiff's complaint [12-1] is granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | AUG 0 5 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 AUG -2 PM 2:53 | 8/2/2002 date mailed notice | |
| KF courtroom deputy's initials | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**AUG 0 5 2002**

SHARLA ROBERTS,

        Plaintiff,

v.

    No. 01 C 9373

COUNTY OF COOK, COOK COUNTY
OFFICE OF THE INSPECTOR GENERAL,
and TIMOTHY FLICK, individually
and in his official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Sharla Roberts sues the County of Cook, Illinois, the Cook County Office of the Inspector General, and Timothy Flick, the Director of the Inspector General's Office. The Inspector General's Office is charged with investigating allegations of fraud, corruption and wrongdoing on the part of Cook County employees. Compl. ¶ 5. At the time of the incidents in question, Roberts was employed at the Inspector General's Office under the supervision of Flick. Compl. ¶ 9. Roberts alleges that Flick engaged in a pattern of verbal and physical sexual discrimination. He also allowed and encouraged other men to sexually discriminate against her as well. Compl. ¶ 23. Roberts alleges that she was transferred to an inferior position because she complained about her treatment at the hands of Flick. Compl. at ¶¶ 79-83 & Resp. at 9-10. Roberts alleges that Flick acted as a final policy maker with respect to



discriminatory treatment. Compl. ¶ 21. She sues under § 1983, Title VII, and Illinois tort law.

The defendants moved to dismiss several counts either in whole or in part under Fed. R. Civ. P. 12(b)(6). I grant the motions in part and deny them in part.

## I. Standard of Review

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *City Nat'l Bank of Fla. v. Checkers, Simon & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994). Dismissal is proper only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Additionally, a plaintiff need not put all of the essential facts in the complaint and may add them by affidavit or brief "in order to defeat a motion to dismiss if these facts are consistent with the allegations in the complaint." *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

## II. Claims Brought Against the Inspector General's Office

The defendants maintain that the Inspector General's Office does not have a legal existence separate from that of Cook County and cannot be sued. *See, e.g., Kozlowski v. Fry*, No. 00 C 5296, 2001 WL 109545, at *3 (N.D. Ill. Feb. 5, 2001) (Keys, Mag.) (holding that Cook County Board does not have a separate identity

from Cook County). As Roberts concedes this, the portions of Counts II, III, IV, V, VI and X directed against the Inspector General's Office are dismissed.

**III.     Robert's § 1983 Claims, Counts I-III**

To impose § 1983 liability on Cook County, Roberts must show that she was deprived of some constitutionally protected right pursuant to one of Cook county's customs, polices, or practices. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978). A municipality can violate someone's civil rights by: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a permanent and well settled custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994). Roberts proceeds under (2), arguing a widespread custom of sex discrimination, sexual harassment and retaliation in Count II, and a widespread custom of denying equal protection to women in Count III, as well as (3) a claim that the harassment was committed by someone with ultimate policy-making authority, *viz.* Flick in Counts I, II and III. Flick is not an ultimate policy-maker, *Adams v. Altman*, No. 94 C 5093, 1995 WL 127779, at *3 (N.D. Ill. Mar. 22, 1995) (Marovich, J.) (holding that the head of a municipal internal investigation unit lacked ultimate policy-making authority), so Robert must proceed on the basis of her allegation of a discriminatory practice or custom.

3

In order for Roberts to demonstrate that her injuries were caused by a widespread practice or custom of sexual harassment and discrimination, she must show "knowledge or awareness—actual or imputed—of the custom and its consequences showing the municipality's approval, acquiescence, or encouragement of the alleged unconstitutional violation." *Jones v. City of Chicago*, 787 F.2d 200, 204 (7th Cir. 1986). "The longstanding or widespread nature of a particular practice would support the inference that policymaking officials must have known about it but failed to stop it." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 511 (7th Cir. 1993) (internal quotation marks and citations omitted). Roberts alleges a widespread policy of discriminatory acts and that Cook County was aware of them, Comp. ¶ 30; and that other women were similarly treated, Comp. ¶ 33. The defendants maintain that Roberts' allegations are boilerplate and need to be supported by facts to withstand a motion to dismiss. The Supreme Court, however, has expressly rejected a heightened pleading standard for § 1983 claims against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993); *see also McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000). Therefore, the portions of Roberts' claims of widespread custom and usage against Cook County in Counts II and III are sufficient to withstand a motion to dismiss. *Id.*

Roberts also sues Flick in his official capacity. Under §

4

1983, a suit against a government officer in his official capacity is actually a suit against the government entity for which the government officer works. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Since I have already found that Roberts stated a valid claim against Cook County, the claims against Flick in his official capacity are redundant. The portions of Counts I, II and III that are based on the official capacity of Flick are dismissed. Of course, individual and official capacity suits are separate and "a government official may be sued in his individual capacity for acts done within the scope of his employment[.]" *Mitchell v. Fairman*, No. 95 C 3648, 1997 WL 224990, at *3 (N.D. Ill. Apr. 29, 1997) (Gettleman, J.). As Cook County does not challenge the counts against Flick in his individual capacity, the portions of Counts I, II and III directed against Flick in his individual capacity are not dismissed.

**IV.     Roberts' Title VII Retaliation Claim, Count VI**

Title VII makes it unlawful for an employer to retaliate against an employee who has opposed sexual discrimination. *Hoffman-Dombrowski v. Arlington Int'l Race Course*, 254 F.3d 644, 653 (7th Cir. 2001) (citing 42 U.S.C. § 2000(e)(3)(a)). In order to prevail on a retaliation claim, an employee must demonstrate by a preponderance of evidence that: "(1) after lodging a complaint about discrimination, (2) only [s]he, and not any otherwise similarly situated employee who did not complain, was (3) subjected

5

to an adverse employment action even though (4) [s]he was performing h[er] job in a satisfactory manner; unless (5) the defendant presents evidence of a reason (good or bad, provided only that it is not one that the law forbids) for the adverse action." *Stone v. City of Indianapolis Public Utilitie*

A lateral transfer without loss in benefits does not constitute an adverse employment action. *Place v. Abbott Labs., Inc.*, 215 F.3d 803, 810 (7th Cir. 2000). Significant changes in employment status occur by actions such as "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *Stutler v. Ill. Dep't of Corr.*, 263 F.3d 698, 703 (7th Cir. 2001). The defendants contend that Roberts, in her original complaint, merely alleged a transfer as a result of her opposition to the sexual harassment and cannot, therefore, meet the pleading requirements for retaliation. However, in her response to the motion to dismiss, Roberts alleges that she was demoted from an office manager to a receptionist, transferred from an office to a space in a file room, that her responsibilities were significantly reduced to menial ones, and her opportunities for promotion were diminished. Response at 9-10. Accepting Roberts allegations as true, as I must, I find Roberts has adequately pleaded a significant change in employment status. *See Knox v. Indiana*, 93

6

F.3d 1327, 1334 (7th Cir. 1996) ("No one would question the retaliatory effect of many actions that put the complainant in a more unfriendly working environment: actions like moving the person from a spacious, brightly lit office to a dingy closet."). The motion to dismiss Count VI is denied.

**V.   Assault and Battery Claims, Counts VIII and IX**

The Illinois Tort Immunity Act imposes a one-year statute of limitations on all claims against a local entity based on common law or the Illinois Constitution. 745 Ill. Comp. Stat. 10/8-101; *Foster v. Unknown Cook County Deputy Sheriff*, 914 F. Supp. 221, 224 & n.1 (N.D. Ill. 1995) (Aspen, J.). The defendants argue that the Illinois tort law claims of battery (Count VIII) and assault (Count IX) are barred because they are based on events which occurred in September 2000, Compl. ¶ 92, and that the complaint was not filed until December 2001. However, Roberts alleges that the batteries and assaults continued throughout her employment. Compl. ¶¶ 91, 98. She clarifies that the period of period of employment continued until January 31, 2001 and that many of the incidents of battery and assault occurred within the one-year limit. Resp. at 11. Because Roberts properly alleges instances of battery and assault within the one-year limit, Counts VIII and IX are sufficiently pleaded. *See Foster*, 914 F. Supp. at 224 (holding that a corrected date, contained in a plaintiff's response to a motion to dismiss, was sufficient to defeat the motion).

7

Roberts concedes that the incident of September 2000 is barred by the one-year limitation. Resp. at 11. Roberts may not recover any damages for that incident, although of course, that does not bar its introduction into evidence insofar as consistent with Fed. R. Evid. 403(b) and other applicable rules.

**VI.     Intentional Infliction of Emotional Distress, Count X**

The defendants argue that Roberts' common law claim of intentional infliction of emotional distress ("IIED") should be dismissed for lack of subject matter jurisdiction because it is preempted by the Illinois Human Rights Act ("IHRA"). Pursuant to the IHRA, "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 775 5/8-111(c) (2002). The Illinois Supreme Court has held that "whether [a court] may exercise jurisdiction over a tort claim depends upon whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself." *Maksimovic V. Tsongalis*, 687 N.E.2d 21, 23 (Ill. 1997). This means that a "common law tort claim is not inextricably linked with a civil rights violation where a plaintiff can establish the necessary elements of the tort independent of any legal duties created by the [IHRA]." *Id.* at 24. Although the allegations of discrimination and intentional infliction of emotional distress both involve sexual elements,

Roberts' IIED claim remains fully "intact because it does not depend on the prohibitions against sex discrimination for its survival." *Siljak v. Ravenswood Disposal Serv., Inc.*, No. 00 C 3405, 2001 WL 436133, at *3 (N.D. Ill. Apr. 26, 2001) (Darrah, J.). Intentional infliction of emotional distress is a "long recognized" tort action that exists independently of a cause of action under the IHRA. *Maksimovic*, 687 N.E.2d at 23. I retain subject matter jurisdiction over Count X.

### VII. Punitive Damages, Counts I and V.

The defendants seek dismissal of the punitive damages claims against Cook County and Flick in his official capacity. The Supreme Court has made it clear that a municipality, unlike an individual defendant, is immune from punitive damages under § 1983. *City of Newport v. Fact Concerts*, Inc., 453 U.S. 247, 271 (1981). The punitive damage claims against Cook County are therefore improper. *See Langford v. County of Cook*, 965 F. Supp. 1091, 1097 (N.D. Ill. 1997) (Castillo, J.) (dismissing punitive damage claims against Cook County). The punitive damage claims against Flick would be improper even if I had not already dismissed the underlying claim, because "[o]fficial capacity suits are another way of pleading an action against a government entity for which the officer works". *Id.* (citing *Graham*, 473 U.S. at 165). Roberts concedes this. Accordingly, the portions of Counts I and V that seek punitive damages against Cook County or Flick are dismissed.

## VIII.

I DISMISS (1) the portions of Counts II, III, IV, V, VI and X directed against the Inspector General's Office, (2) the portions of Counts I, II and III that are directed against Flick in his official capacity, and (3) the portions of Counts I and V that claim punitive damages against Cook County or Flick in his official capacity. I DENY the motions to dismiss (1) the portions of Counts II and III directed against Cook County, and (2) the motions to dismiss Count VI, (3) Counts VIII and IX, and (4) X.

**Enter Order:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: August 2, 2002